UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JESUS MEDINA,<br><br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH FINANCIAL SYSTEMS, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:19-cv-00044<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes JESUS MEDINA ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of COMMONWEALTH FINANCIAL SYSTEMS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in La Joya, Texas, which falls within the Southern District of Texas.

5. Defendant is "a premier debt collection agency," offering account receivable services for its diverse client base, including "debt purchasers, financial, retail, commercial, government and medical clients."[1] Defendant maintains its principal business at 245 Main Street, Dickson City, Pennsylvania, and it regularly collects upon consumers nationwide, including those located in the state of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In approximately the summer of 2018 Plaintiff began receiving calls to his cellular phone, (956) XXX-4273, from Defendant.

8. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 4273. Plaintiff is and always has been financially responsible for the cellular phone and its services.

9. Defendant has mainly used the phone numbers (570) 330-0810 and (956) 688-9480 when placing calls to Plaintiff's cellular phone but it has used other numbers as well.

---

[1] http://www.cfsi-arm.com/our-company/about-us.html

10. Upon information and belief, the above referenced phone numbers ending in 0810 and 9480 are regularly utilized by Defendant during its debt collection activity.

11. Upon answering calls from Defendant, Plaintiff has experienced a noticeable pause, lasting approximately five seconds in length, before a live representative begins to speak.

12. Upon speaking with Defendant, Plaintiff was informed that it was acting as a debt collector attempting to collect upon a consumer debt that Plaintiff allegedly defaulted on.

13. Plaintiff spoke with Defendant and advised that he could not make payment and to stop contacting him.

14. Despite his request Defendant continued to place systematic calls to Plaintiff's cellular phone.

15. Frustrated over Defendant's conduct, Plaintiff called Defendant on or around October 10, 2019 after missing a call from it. During this call Plaintiff again told Defendant to stop contacting him.

16. Even with numerous requests to cease Defendant has continued its campaign of systematic collection calls through the present.

17. Defendant has placed *at least* 15 calls to Plaintiff since first being told to stop.

18. Seeing that Defendant would not cease its activity and frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity,

diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on her cellular phone.

21. Plaintiff has expended financial resources as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 2001.[2]

26. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c(a)(1) and §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

---

[2] http://www.acainternational.org/search#memberdirectory

28. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop on multiple occassions. Defendant called Plaintiff *at least* 15 times after he demanded that it stop. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

29. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

    b.  **Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. Despite being told to cease contacting him on multiple occasions, Defendant continued to relentlessly contact Plaintiff via automated calls in an attempt to force him to answer and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via automated calls when it no longer had consent to do so.

33. Moreover, Defendant systematically and deceptively varied the phone numbers in which it called from in order to trick Plaintiff into answering.

    c.  **Violations of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a consumer debt by continuously calling Plaintiff *at least* 15 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

36. As pled in paragraphs 17 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's conduct.

WHEREFORE, Plaintiff JESUS MEDINA respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37.  Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The

TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

39. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting approximately five seconds in length, which Plaintiff experienced during answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

40. Defendant violated the TCPA by placing *at least* 15 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's numerous demands that it cease contacting him.

41. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

42. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff JESUS MEDINA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

45. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

46. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

   a. **Violations of TDCA § 392.302**

47. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

48. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone *at least* 15 times after he notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls would naturally cause an individual to feel oppressed.

WHEREFORE, Plaintiff JESUS MEDINA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 20, 2019                             Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)              s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                  Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                             Counsel for Plaintiff
Admitted in the Southern District of Texas        Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                          Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200               2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                           Lombard, Illinois 60148
(630) 568-3056 (phone)                            (630) 581-5858 (phone)
(630) 575-8188 (fax)                              (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                          thatz@sulaimanlaw.com